IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Ira Thomas, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:19-cv-2262-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Associate Warden Bailey, Officer ) Butcher, Dr. Alden, and Robert ) Cummens, II, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Michael Ira Thomas, while a state prisoner detained at Ridgeland Correctional Institution, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On August 19, 2019, the magistrate judge issued a proper form order directing Plaintiff to notify the Clerk's office in writing of any change to his mailing address. (ECF No. 9). On February 21, 2020, Defendants Bailey, Butcher, and Alden filed a motion to dismiss.[1] (ECF No. 47). The magistrate judge subsequently issued an order on February 24, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss and the possible consequences if Plaintiff failed to adequately respond. (ECF No. 48). The *Roseboro* order was mailed to Plaintiff on February 24, 2020, (ECF No. 49), and was returned to the court as undeliverable on March 18, 2020 (ECF No. 61). The magistrate judge issued two subsequent orders, (ECF Nos. 51, 55), which were also returned to the court as undeliverable, (ECF Nos. 57, 63). On March 18, 2020, notice

---

[1] Defendant Robert Cummens, II did not join in the motion to dismiss.

of this court's Standing Order 3:20-mc-105 regarding the court's amended procedures in response to the COVID-19 pandemic was also mailed to Plaintiff. (ECF No. 58). On April 13, 2020, the notice was returned to the court as undeliverable, indicating that Plaintiff is deceased. (ECF No. 65).

On April 20, 2020, the magistrate judge issued a Report and Recommendation ("Report I") recommending the recommending that the court grant the defendants' motion and dismiss the action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. (ECF No. 68). Report I was mailed to Plaintiff at the address he provided the court, (ECF No. 69), and was returned as undeliverable on May 5, 2020, noting only that it was unable to be forwarded and including no indication that Plaintiff is deceased, (ECF No. 71). Nevertheless, on May 7, 2020, the undersigned, out of an abundance of caution, issued an order declining to adopt Report I because the court was unable to determine from the record whether Plaintiff was in fact deceased such that Federal Rule of Civil Procedure 25 applied. (ECF No. 73). Accordingly, the matter was recommitted to the magistrate judge to determine whether Rule 25 applies. *Id*.

On May 8, 2020, the magistrate judge entered an order directing Defendants to file a Suggestion of Death and a certificate of service evidencing that the same had been served upon Plaintiff's non-party representative pursuant to Rule 25. (ECF No. 77). Subsequently, Defendants Bailey, Butcher, and Alden filed a response explaining that on January 2, 2020, Plaintiff had been released from state custody on supervised reentry and Defendants had no information indicating whether or not Plaintiff was deceased. (ECF No. 79 at 1). The response further noted that, because all but one of the items mailed to Plaintiff—including most recently Report I—had been returned merely as undeliverable, it was likely a mistake that notice of the standing order was marked undeliverable because Plaintiff is deceased. *Id*. at 1–2.

Now before the court is the magistrate judge's Report and Recommendation ("Report II"), finding that Rule 25 does not apply and recommending the court grant Defendants' motion and dismiss the action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. (ECF No. 81). Report II was mailed to Plaintiff at the address he provided the court and, to date, has not been returned as undeliverable. (ECF No. 82). Therefore, Plaintiff is presumed to have received Report II. Plaintiff was advised of his right to file specific objections to Report II, (ECF No. 81-1), but failed to do so. The time for Plaintiff to object to Report II has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in Report II (ECF No. 81),

which is incorporated herein by reference. Therefore, the court finds that Plaintiff's action is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b).[2] Accordingly, the court **GRANTS** Defendants Bailey, Butcher, and Alden's motion to dismiss (ECF No. 47), and **DISMISSES** the action as to all defendants, including Defendant Robert Cummens II, who did not join the motion to dismiss.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 8, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The court notes that, even if Report II had been or is subsequently returned as undeliverable, it would reach the same conclusion based on Plaintiff's failure comply with the court's order to update the Clerk's office as to his correct mailing address. *See* (ECF No. 9).